IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| KELLER NORTH AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>EARTH TECH, LLC d/b/a EARTH TECH MENARD and DGI-MENARD, INC.,<br><br>Defendants. | Civil Action No. 2:25-cv-12610-DCN |

## COMPLAINT

Plaintiff Keller North America, Inc. (the "Plaintiff" or "Keller"), by and through its undersigned counsel, hereby files this Complaint against Defendant Earth Tech, LLC d/b/a Earth Tech Menard ("Earth Tech") and Defendant DGI-Menard, Inc. ("DGI") (collectively, the "Defendants") and alleges, upon knowledge, information, and belief as to Defendants' actions and the actions of its officers, as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and for related claims of unfair competition under the laws of the State of South Carolina.

2. Plaintiff Keller North America, Inc. is the owner by assignment of all rights, title, and interest in and to U.S. Patent Number 10,968,588 (the "'588 Patent"), entitled *Method and Apparatus for Field Fabrication of Socked Perforated Drains*," which issued on April 6, 2021.

3. Plaintiff brings this action against Defendants Earth Tech and DGI to stop Defendants' unauthorized manufacture, use, offer for sale, sale, importation, and installation of any apparatus, system, or method that infringes the claims of the '588 Patent and to obtain damages and other equitable relief for Defendants' patent infringement and other wrongful conduct.

4. Plaintiff seeks permanent injunctive relief enjoining Defendants from making, using, offering for sale, selling, or importing any apparatus, system, or method that practices the inventions claimed in the '588 Patent; an accounting and disgorgement of Defendants' profits attributable to their infringement and related unfair competition; actual damages, including lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest; a finding of willful infringement and an award of enhanced damages to the fullest extent permitted by law; a declaration that this is an exceptional case and an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285; treble and/or punitive damages, attorneys' fees, and other remedies available under the laws of the State of South Carolina for Defendants' unfair competition; an order requiring the recall, impoundment, destruction, or other disposition of infringing apparatus and components; and such other and further equitable and monetary relief as this Court deems just and proper.

## THE PARTIES

5. Plaintiff is a Delaware Registered Business Corporation having its principal place of business at 7550 Teague Road, Suite 300, Hanover, Maryland 21076.

6. Upon information and belief, Defendant Earth Tech, LLC is a Delaware Limited Liability Company organized under the laws of the State of Delaware having its principal place of business at 2620 Hunt Road, Land O'Lakes, Florida 34638. Following its April 2022

acquisition by Menard USA, Defendant Earth Tech, LLC is often referred to and does business as "Earth Tech Menard."

7. Upon information and belief, Defendant DGI-Menard, Inc. is a Delaware Registered Business Corporation having its principal place of business at 150 East Main Street, Suite 500, Carnegie, Pennsylvania 15106. Defendant DGI-Menard, Inc. operates as an affiliate and U.S. operating entity of Menard USA, and Defendant DGI-Menard, Inc. is sometimes referred to in the industry as "Menard USA."

8. Upon information and belief, Defendants Earth Tech and DGI are part of the Menard Group corporate family and operate under the direction and control of Menard USA.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*, and therefore also falls within the Court's jurisdiction under 28 U.S.C. § 1338(a).

10. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because state law claims herein are so related to the claim giving rise to the original jurisdiction of this Court that the state law claims form part of the same case or controversy under Article III of the United States Constitution. Additionally, or alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1338(b) because the state law claim of unfair competition is joined with a substantial and related claim under the patent laws of the United States.

11. Venue in the District of South Carolina, Charleston Division, is proper under 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement and have a regular and established place of business in this District. Additionally, or alternatively, venue is proper

under 28 U.S.C. § 1391(b)(2) because at least some of the acts and practices complained of and the causes of action arose in the present judicial district within the State of South Carolina.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff is a company engaged in the business of providing geotechnical engineering products and services across various construction sectors. Plaintiff operates the website https://www.keller-na.com/.

13. Plaintiff was formed as a Delaware Registered Business Corporation in February 1981 and maintains a principal place of business at 7550 Teague Road, Suite 300, Hanover, Maryland 21076. Plaintiff operates through more than 60 offices in North America, including an office in South Carolina.

14. On April 6, 2021, the United States Patent and Trademark Office (the "USPTO") issued U.S. Pat. No. 10,968,588, entitled "*Method and Apparatus for Field Fabrication of Socked Perforated Drains*."

15. The '588 Patent claims, among other things, a mobile system for onsite fabrication of socked drains. For example, the '588 Patent claims an apparatus that includes a wheeled trailer frame, a despooling carousel rotatably mounted on the trailer frame and configured for despooling plastic tubing, and an extrusion head configured for extruding plastic tubing despooled from the carousel into a filter sock. The extrusion head comprises a pair of counter-rotating wheels for gripping and controllably extracting plastic tubing from the despooling carousel and extruding it between the pair of counter-rotating wheels into a filter sock. A true and accurate copy of the '588 Patent is attached hereto as **Exhibit 1**.

16. A first representative image taken from the '588 Patent showing an embodiment of the claimed invention is reproduced below:



This image shows, among other things, the wheeled trailer frame, the despooling carousel, and the extrusion head.

17. Additional representative images taken from the '588 Patent more clearly showing the despooling head and the pair of counter-rotating wheels, in one embodiment, are reproduced below:





18. The '588 Patent was filed as U.S. Pat. App. No. 15/999,449 on August 20, 2018, and claims the benefit of U.S. Prov. Pat. App. No. 62/615,707 filed on January 10, 2018.

19. The '588 Patent was published by the USPTO as U.S. Patent Publ. No. 2019/0211523 on July 11, 2019.

20. The '588 Patent is valid, enforceable, and owned by Plaintiff, which holds all rights, title, and interest in and to the '588 Patent.

21. Under 35 U.S.C. § 282, patents are presumed valid.

22. Defendant Earth Tech was acquired by Menard USA in April 2022, and following its acquisition, Defendant Earth Tech is often referred to and does business as "Earth Tech Menard."

23. Defendant DGI operates as an affiliate and U.S. operating entity of Menard USA. Defendant DGI is sometimes referred to in the industry as simply "Menard USA."

24. Upon information and belief, Defendants Earth Tech and DGI are part of the Menard Group corporate family and operate under the direction and control of Menard USA.

25. Defendant Earth Tech is a company engaged in the business of ground improvement, grouting, and piling services and has offices located in Florida, North Carolina, and South Carolina, including 1629 Meeting Street Road, Suite B, Charleston, South Carolina 29405. Defendant Earth Tech operates the website https://earthtech.com/.

26. Defendant DGI is a company engaged in the business of ground improvement and other geotechnical services and has offices across the United States, including an office at 3520 W. Montague Avenue, Suite 203, North Charleston, South Carolina 29418. Defendant DGI operates the website www.menardusa.com.

27. Defendant Earth Tech markets and installs "Earthquake Drains," which include corrugated pipe wrapped in tightly fitting filter fabric. These Earthquake Drains are assembled or fabricated onsite. Below is a screenshot taken from the website https://earthtech.com/ground-improvement/earthquake-drains/:



28. Defendant Earth Tech utilizes mobile fabrication and assembly equipment at project sites to assemble and install its Earthquake Drains. Below are representative images of the mobile fabrication and assembly equipment utilized by Defendant Earth Tech to assemble

and install its Earthquake Drains:





29. Defendant Earth Tech utilizes an apparatus that includes a wheeled trailer frame, a despooling carousel rotatably mounted on the trailer frame, and an extrusion head comprising a pair of counter-rotating wheels (the "Infringing Apparatus").

30. Upon information and belief, Defendant Earth Tech installed its Earthquake Drains utilizing the Infringing Apparatus at its "61 State Street" site in Charleston, South Carolina, as well as at its "South Bay Garden Flats" site in Mount Pleasant, South Carolina.

31. Menard Group, including Defendant DGI, advertises, offers for sale, and provides ground improvement services in the United States, including installation of Earthquake Drains. Below are screenshots taken from the website https://www.menardusa.com/soil-expert-portfolio/earthquake-drains/:





32. Upon information and belief, Menard Group, including Defendant DGI, benefits from and/or directs Defendant Earth Tech's operations in the United States.

33. Upon information and belief, Defendants Earth Tech and DGI make, use, offer for sale, sell, install, and/or import apparatus and/or employ methods that practice one or more of the claims of the '588 Patent.

34. Upon information and belief, Defendants use the Infringing Apparatus in connection with their projects, thereby infringing the claims of the '588 Patent in this District and elsewhere.

35. Upon information and belief, Defendants have advertised, promoted, and offered for sale ground-improvement services in the United States that include earthquake drains and related installation services, including in South Carolina, and have continued to do so after the publication and/or issuance of the '588 Patent and after receiving notice letters and telephone calls from Plaintiff.

36. More particularly, upon information and belief, Defendants have continued to make, use, offer for sale, and sell the Infringing Apparatus despite knowledge, constructive and actual notice, and public availability of the '588 Patent and devices embodying one or more claims of the '588 Patent.

37. On October 25, 2024, Plaintiff, via counsel, sent a "Notice of Infringement of U.S. Patent 10,968,588 for METHOD AND APPARATUS FOR FIELD FABRICATION OF SOCKED PERFORATED DRAINS" to Defendant Earth Tech ("Notice of Infringement"), to which, as of the filing date of this Complaint, Defendant Earth Tech has failed to respond. A copy of this Notice of Infringement is attached hereto as **Exhibit 2** .

38. Plaintiff has been injured by Defendants' actions, to wit: suffering lost licensing and market opportunities, lost sales, diminished goodwill, and other monetary and non-monetary damages as a result of Defendants' infringing activities and related unfair competition.

39. Defendants' actions, including their infringement of Plaintiff's '588 Patent, have been willful, knowing, and/or in reckless disregard of Plaintiff's rights.

**FOR A FIRST CAUSE OF ACTION**
*Violation of 35 U.S.C. § 271*
*(Federal Patent Infringement)*

40. Plaintiff repeats and realleges the foregoing paragraphs 1 – 39, as if fully set forth herein, not inconsistent herewith.

41. Defendants' conduct as alleged herein constitutes federal patent infringement in violation of 35 U.S.C. § 271.

42. The '588 Patent is valid, enforceable, and owned by Plaintiff, which holds all rights, title, and interest in and to the '588 Patent and has the exclusive right to enforce it in this Court and to recover damages for past and present infringement.

43. Without license or authorization from Plaintiff, and in violation of 35 U.S.C. § 271, Defendants have, directly and/or indirectly, made, used, offered for sale, sold, and/or imported within the United States products and/or methods that infringe one or more claims of the '588 Patent, including by using and offering to use the Infringing Apparatus and in the manufacture and site installation of Earthquake Drains.

44. Defendants' acts of making, using, offering for sale, selling, and/or importing the Infringing Apparatus constitute direct infringement under 35 U.S.C. § 271(a). Additionally, or alternatively, Defendants have actively induced and continue to induce infringement by others and/or have contributed and continue to contribute to infringement by providing components, equipment, services, and instructions for the practice of the patented inventions, in violation of 35 U.S.C. §§ 271(b) and/or (c).

45. Defendants' infringement of the '588 Patent has been willful, deliberate, and in reckless disregard of Plaintiff's rights. Defendants had constructive and/or actual notice of the '588 Patent (including through its publication and issuance by the USPTO) and nevertheless continued to make, use, offer for sale, and sell the Infringing Apparatus. The willful nature of Defendants' infringement entitles Plaintiff to a finding that the present case is exceptional and to an award of enhanced damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

46. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered monetary damages in an amount to be determined at trial, including but not limited to lost profits and/or a reasonable royalty for past infringement, and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law unless injunctive relief is granted. Plaintiff is therefore entitled to injunctive relief, damages, increased damages for willful infringement, costs, and attorneys' fees to the extent permitted under federal law.

**FOR A SECOND CAUSE OF ACTION**
*Unfair Trade Practices Pursuant To South Carolina Code Ann. § 39-5-20*
*(South Carolina Unfair Competition)*

47. Plaintiff repeats and realleges the foregoing paragraphs 1 – 46, as if fully set forth herein, not inconsistent herewith.

48. Defendants' conduct as alleged herein – including their unauthorized use, manufacture, offering for sale, sale, importation, installation, and/or promotion of apparatus and methods that infringe the '588 Patent – constitutes unfair competition under South Carolina common law and unfair or deceptive acts and practices in violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. CODE ANN. § 39-5-10 *et seq*.

49. Defendants' conduct has caused and continues to cause injury to Plaintiff's business and property, including but not limited to diversion of business and sales that otherwise would have gone to Plaintiff, loss of licensing and other business opportunities, damage to Plaintiff's goodwill and market reputation, and other economic injuries in an amount to be determined at trial.

50. Defendants' conduct is malicious, fraudulent, willful, oppressive, and conducted with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to actual damages, punitive or treble damages as available, attorneys' fees, costs, and injunctive and equitable relief under the laws of the State of South Carolina.

51. As a direct and proximate result of Defendants' unfair competition and violations of the SCUTPA, Plaintiff has been damaged and is entitled to recover the full measure of damages and equitable relief available under the laws of the State of South Carolina.

52. Based on the willful infringing acts of the Defendants, Plaintiff is entitled to damages and injunctive relief pursuant to S.C. CODE ANN. § 39-5-140.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment and relief against Defendants as follows:

A. That this Court enter judgment that Defendants have infringed one or more claims of U.S. Patent No. 10,968,588;

B. That this Court enter a permanent injunction, pursuant to 35 U.S.C. § 283 and the Court's equitable powers, enjoining Defendants and their officers, agents, employees, attorneys, successors, assigns, and all persons in active concert or participation with them from making, using, offering for sale, selling, importing, installing, or causing to be installed any apparatus, trailers, systems, or methods that infringe, induce infringement of, or

contribute to the infringement of the '588 Patent, pending final resolution of this action and permanently thereafter;

C. That this Court award to Plaintiff an accounting and disgorgement of Defendants' profits and other gains attributable to their infringement of the '588 Patent and related unfair competition, and an award of such profits and gains to Plaintiff to the extent permitted by law;

D. That this Court award to Plaintiff damages adequate to compensate for Defendants' past infringement and unfair competition, including but not limited to Plaintiff's lost profits and/or, in the alternative, a reasonable royalty, together with pre-judgment and post-judgment interest, costs, and disbursements, under 35 U.S.C. § 284 and applicable state law;

E. That this Court find that Defendants' infringement was willful, knowing, purposeful, and deliberate, award to Plaintiff enhanced damages to the fullest extent permitted by law as a result of such willful conduct, and find that this is an exceptional case entitling Plaintiff to its reasonable attorneys' fees and costs under 35 U.S.C. § 285;

F. That this Court award to Plaintiff all damages available under the laws of the State of South Carolina, including actual damages, consequential damages, and treble and/or punitive damages, together with reasonable attorneys' fees and costs to the extent authorized by law;

G. That this Court award to Plaintiff an accounting of and disgorgement of Defendants' unjust enrichment and an award of such equitable relief as this Court deems appropriate to remedy Defendants' wrongful conduct;

H. That this Court issue an Order directing the recall, impoundment, destruction, or other

disposition of the Infringing Apparatus, trailers, components, marketing materials, or other articles that infringe the '588 Patent to the extent permitted by law;

I. That this Court award to Plaintiff its costs, expenses, and reasonable attorneys' fees to the extent authorized by statute or this Court's equitable authority;

J. That this Court award to Plaintiff pre-judgment and post-judgment interest on any monetary award at the maximum legal rate; and

K. That this Court award to Plaintiff such other and further equitable and monetary relief as this Court deems just and proper.

Respectfully submitted this 17th day of September 2025,

s/ *Bernard S. Klosowski, Jr.*

Bernard S. Klosowski, Jr. (Fed. Id. No. 9251)

THRIVE IP® INTELLECTUAL PROPERTY LAW FIRM
220 North Main Street, Suite 500
Greenville, South Carolina 29601
Telephone: (864) 351-2468
E-Mail: Ben.Klosowski@Thrive-IP.com

ATTORNEYS FOR PLAINTIFF